**PerkinsCoie**

1900 Sixteenth Street
Suite 1400
Denver, CO 80202-5255

T +1.303.291.2300
F +1.303.291.2400
PerkinsCoie.com

**MEMO ENDORSED**

May 20, 2024

> Plaintiffs are directed to respond to the letter motion by May 24, 2024. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 5/21/24
> New York, New York

Amanda Tessar
ATessar@perkinscoie.com
D. +1.303.291.2357
F. +1.303.291.2457

**VIA ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: ***Bell Semiconductor, LLC v. Broadcom Corp. et al.***, No. 24-cv-156-ER
Letter Motion to Stay Discovery

Dear Judge Ramos:

We represent Defendants Broadcom Corporation and Avago Technologies International Sales PTE., Limited (collectively, "Broadcom") in the above-listed matter. Pursuant to Rule I.E of Your Honor's Individual Rules of Practice, we write to request a brief stay of discovery pending disposition of Broadcom's Motion to Dismiss the First Amended Complaint (ECF No. 36).

**I.   Background**

Plaintiff Bell Semiconductor, LLC ("Bell") filed a complaint against Broadcom in New York State Supreme Court on November 29, 2023, alleging two counts of breach of contract. Broadcom removed the case to this Court on January 9, 2024. On March 7, 2024, Broadcom requested a pre-motion conference regarding its proposed motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6). (ECF No. 21.) At the conference, Bell said that it would file an amended complaint in an attempt to cure the deficiencies identified in Broadcom's pre-motion letter, and the Court set a briefing schedule for Broadcom's anticipated motion to dismiss. (ECF No. 44.) Bell filed its First Amended Complaint ("FAC") on April 19, 2024. (ECF No. 34.) This FAC asserts two breach of contract claims that rest on completely different facts— one relates to Broadcom's alleged failure to disclose a National Semiconductor license that allegedly led to damages when Bell attempted to enforce purchased patents against Texas Instruments (Count I) and the other relates to Broadcom's alleged failure to cooperate in discovery for an International Trade Commission ("ITC") investigation against Lenovo, Motorola, and many others (Count II).

Broadcom filed its motion to dismiss the FAC, including both Counts I and II, on May 9, 2024. (ECF No. 36.) Pursuant to the briefing schedule set by the Court, Bell's brief in opposition is due on May 30, 2024, and Broadcom's reply brief is due on June 6, 2024.

The parties filed a proposed case management plan on April 2, 2024 (ECF No. 26), but the Court has not yet entered a scheduling order in this matter. At the initial case management

Hon. Edgardo Ramos
May 20, 2024
Page 2

conference on April 4, 2024, Broadcom indicated that the dates in the proposed case management plan should be adjusted in light of Bell's decision to file an amended complaint, and the Court suggested that the parties go back to the drawing board on a proposed schedule. (ECF No. 44.)

The parties were not successful in negotiating a new proposed case management plan. Broadcom proposed that, to avoid unnecessary expense for all parties and given the uncertainty about which (if any) of Bell's two claims would survive, the parties should agree to delay the start of discovery. Bell, by contrast, insisted that document discovery must commence even before the motion to dismiss was fully briefed, and that all document discovery and depositions should be completed by December 2024—possibly before Broadcom even receives a ruling on its motion.

## II.     Legal Standard

"Under Federal Rule of Civil Procedure 26(c), a court has discretion to stay discovery for good cause. Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *City of N.Y. v. FedEx Ground Package Sys., Inc.*, 2018 WL 4625765, at *3 (S.D.N.Y. Sept. 26, 2018) (internal quotation marks omitted). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

## III.     Argument

*First*, discovery in this case is likely to be broad and expensive. Not only that, but the discovery required for the two separate claims asserted by Bell diverges widely, meaning that efforts for a particular claim will have been entirely wasted if that claim is dismissed. Bell's first claim for breach, for instance, will require discovery into contract negotiations that occurred more than seven years ago between employees who are no longer affiliated with the parties, as well as discovery from Bell and third parties regarding Bell's patent litigations with Texas Instruments and the effect that the National Semiconductor license had (or did not have) on those litigations. With little to no overlap, Bell's second claim for breach will require discovery into ITC investigations involving multiple different third parties, the domestic industry requirement, the negotiations surrounding Bell's subpoenas to Broadcom, and the effect that the Broadcom discovery had (or did not have) on Bell's decision to drop those investigations. The circumstances of either of these claims alone are broad enough to warrant a stay of discovery, much less the collective effect of the two claims together. *E.g.*, *Integrated Sys.*, 2009 WL 2777076, at *1 (finding likely scope of discovery broad "[b]ased on the allegations in the Complaint," which concerned "a six-year period and will cover Honeywell's multiple distributors in the New York City area"); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (staying discovery where counterclaim plaintiff was "bent on obtaining discovery from third parties" during pendency of motion to dismiss). Because there is not significant overlap, temporally or topically, between

Hon. Edgardo Ramos
May 20, 2024
Page 3

Counts I and II of the FAC, even a partial grant of Broadcom's motion has the potential to dramatically narrow the scope of discovery. *See Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed ….").

*Second*, Bell will not be prejudiced by a stay of discovery for the few months it will take to resolve Broadcom's motion, which will be fully briefed by early June. Bell waited until the very last day of the statute of limitations period—November 29, 2023—to sue about a purported breach of contract (for its first claim) that Bell says occurred in 2017 and it had known about for almost three years at that point. (FAC ¶¶ 47-48.) Having waited so long to bring this action, Bell cannot claim to be prejudiced by a brief delay while the Court considers Broadcom's motion to dismiss. Moreover, setting that point aside, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Broccoli v. Ashworth*, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023). Finally, a stay will not prejudice Bell because "this case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken." *Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024); *see also Integrated Sys.*, 2009 WL 2777076, at *1 (no prejudice where short briefing schedule meant stay "will likely delay the commencement of discovery for only a few months").

*Third*, Broadcom's pending motion to dismiss rests on "substantial grounds," *Am. Fed. of Musicians & Emps.' Pension Fund v. Atl. Recording Corp.*, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016), and certainly is "not unfounded in the law," *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). *See also, e.g.*, *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (granting stay where "an initial review of the arguments" in defendant's motion to dismiss brief "suggest[s] that none are frivolous"). Broadcom's motion shows that Count I of the FAC must be dismissed because Bell fails to allege any breach of the representation and warranty: the parties agreed that Broadcom would disclose to Bell as part of diligence its patent licenses for a long list of specifically enumerated entities, and Broadcom did exactly that. Additionally, for both claims, Bell fails to allege any compensable damages because it seeks only contractually prohibited consequential damages (*i.e.*, the litigation costs it incurred as a result of Broadcom's supposed breaches). Because Broadcom's motion is "substantially grounded" and "potentially eliminates the entire action," a brief stay of discovery is warranted. *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997); *see also Spinelli*, 2015 WL 7302266, at *2.

                                              Respectfully submitted,

                                              */s/ Amanda Tessar*

                                              Amanda Tessar